Sean R. Kelly, Esq. (SK-0307)
SAIBER LLC
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| JUDITH A. BRANDT, | : | Civil Action No. <u>08-cv-5196 (AKH)(DF)</u> |
|  | : | ECF Case |
| Plaintiff, | : |  |
|  | : |  |
| v. | : | **DEFENDANTS' ANSWER TO** |
|  | : | **COMPLAINT AND** |
| ALLIED AVIATION SERVICES, INC. and | : | **SEPARATE DEFENSES** |
| ROBERT L. ROSE | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : | _Document Filed Electronically_ |

Defendants Allied Aviation Services, Inc. ("Allied") and Robert L. Rose ("Rose") (collectively "Defendants"), by way of Answer to the Complaint of plaintiff, Judith A. Brandt ("Plaintiff"), say:

## INTRODUCTORY STATEMENT

1.     Defendants deny the allegations of paragraph 1 and state that plaintiff has voluntarily dismissed her claims under the Federal RICO Act.  Defendants admit that plaintiff purports to assert the other claims identified in paragraph 1, but deny that any factual or legal basis exists for the assertion of said claims.

## I.     JURISDICTION AND VENUE

2.     Defendants deny the allegations of paragraph 2 and state that plaintiff has voluntarily dismissed her claims under the Federal RICO Act.

3.     Defendants deny the allegations of paragraph 3 and state that plaintiff has

voluntarily dismissed her claims under the Federal RICO Act.

     4.     Defendants admit that the Complaint purports to state a claim under 42

U.S.C. § 1981, but deny that any factual or legal basis exists for the assertion of said

claim.

     5.     Defendants admit the allegations of paragraph 5.

     6.     Defendants deny the allegations of paragraph 6, except they admit that

Allied does business in the Southern District of New York and that venue is therefore

proper.

## II.    PARTIES

     7.     Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

     8.     Defendants admit the allegations contained in paragraph 8 of the

Complaint.

     9.     Defendants deny the allegations contained in paragraph 9 of the Complaint

and state as follows:  Defendants deny that there is common ownership of all the entities

listed in paragraph 9 of the Complaint.  Defendants deny that TM & PL Holdings

Corporation is centrally managed with the other entities listed in paragraph 9.

Defendants state that Allied Aviation Services, Inc. is a subsidiary of Allied Aviation

Holdings Corporation, which is a subsidiary of Tampa Pipeline Corporation.  Defendants

state that TM & PL Holdings Corporation is owned by Rose.  Defendants state that Allied

Aviation New York Services, Inc. is a subsidiary of Allied Aviation Services, Inc.

Defendants state that Allied Aviation Fueling of National Airport, Inc. is owned by Rose.

Defendants state that Allied Aviation Services of Puerto Rico, Inc. and Allied Aviation

Fueling Company, Inc. are owned by Allied Aviation Services, Inc.  Defendants state that Kansas City Int'l Fueling Facilities Corporation is owned by Rose.  Defendants state that 85% of Ogden Aviation Services (Panama) Corp. is owned by Allied Aviation Services, Inc.  Defendants state that Allied Aviation Service Company of St. Louis, Inc. and LaGuardia Fuel Facilities Corporation are owned by Allied Aviation Services, Inc. Defendants state that Allied Aviation Service Company of Newfoundland, ULC is owned by Allied Aviation Services of Canada, ULC.  Defendants state that Allied Aviation Fueling of Rhode Island, Inc. does not exist, but that Allied Aviation Fueling of Rhode Island, LLC does exist.

10.    Defendants admit the allegations contained in paragraph 10 of the Complaint, except they state that Rose did not conduct business personally and primarily in New York.

11.    Defendants admit the allegations contained in paragraph 11 of the Complaint.

12.    Defendants deny the allegations contained in paragraph 12 of the Complaint and state that Allied Aviation Services, Inc. is owned by Allied Aviation Holdings Corporation, which is owned by Tampa Pipeline Corporation, which, as of December 31, 2007, is owned by Allied Aviation LLC, a Florida limited liability company.

13.    Defendants deny the allegations contained in paragraph 13 of the Complaint, except they admit that Rose acted as an officer and director of the company and therefore exercised executive authority in the management of the business.

### III.    **BACKGROUND FACTS**

14.    Defendants admit the allegations contained in paragraph 14 of the Complaint.

15.    Defendants admit the allegations contained in paragraph 15 of the Complaint and state that Allied is the largest U.S. owned fueling services provider but is not the largest fueling operator in the U.S.

16.    Defendants deny the allegations contained in paragraph 16 of the Complaint but state that Allied handles a large amount of fuel.

17.    Defendants admit the allegations contained in paragraph 17 of the Complaint.

18.    Defendants admit the allegations contained in paragraph 18 of the Complaint.

19.    Defendants deny the allegations contained in paragraph 19 of the Complaint but state that Allied has over 2,000 employees.

20.    Defendants deny the allegations contained in paragraph 20 of the Complaint, but admit upon information and belief that Plaintiff commenced employment with Allied's predecessor in interest in 1995.

21.    Defendants deny the allegations contained in paragraph 21 of the Complaint, but admit upon information and belief that Plaintiff worked at the New York corporate headquarters of Allied or its predecessor in interest throughout the term of her employment.

22.    Defendants deny the allegations contained in paragraph 22 of the Complaint and state that the companies listed in paragraph 9 of the Complaint were not "wholly-owned, centrally managed and commonly operated."

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint with respect to services rendered by Plaintiff prior to December 31, 2001. With respect to the period thereafter, Defendants deny that Plaintiff performed her duties in an "exemplary manner."

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint with respect to services rendered by Plaintiff prior to December 31, 2001. With respect to the period thereafter, Defendants deny the allegations of paragraph 24.

25.     Defendants deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants admit the allegations contained in paragraph 26 of the Complaint.

27.     Defendants admit the allegations contained in paragraph 27 of the Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of the Complaint.

29.     Defendants admit the allegations contained in paragraph 29 of the Complaint, except to state that near the end of her period or employment with Allied, Plaintiff reported to Clay Mumford.

30.     Defendants admit the allegations contained in paragraph 30 of the Complaint.

31.     Defendants admit the allegations contained in paragraph 31 of the

Complaint, except to state that Plaintiff had some responsibilities with respect to workers' compensation matters and that Allied has over 2,000 but not approximately 2,500 employees.

32.     Defendants admit the allegations contained in paragraph 32 of the Complaint to the extent that Rose acted as an officer and director with executive authority.

**A.     The Race Discrimination/Retaliation Lawsuit Against Defendant Allied Aviation**

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint and state that initially only three individuals filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Later, when the EEOC filed suit in the United States District Court for the Northern District of Texas, fifteen Allied employees intervened in the lawsuit.

34.     Defendants deny the allegations contained in paragraph 34 of the Complaint and state that the lawsuit was not a "class action" and that allegations contained in the Complaint in that lawsuit speaks for themselves.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint, except to state that the plaintiff in that action was the EEOC and that one of the intervening employees was Eric Mitchel.

36.     Defendants admit the allegations contained in paragraph 36 of the Complaint.

37.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint.

38.     Defendants admit the allegations contained in paragraph 38 of the

Complaint.

39.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.    Defendants admit the allegations contained in paragraph 41 of the Complaint, to the extent Plaintiff was a deposition witness.

42.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in sub-paragraphs (a) and (b) of paragraph 42 of the Complaint.  Defendants admit the allegations contained in sub-paragraphs (c) and (d) of paragraph 42 of the Complaint.

43.    Defendants refer to the motion papers filed in that lawsuit, which papers speak for themselves.

44.    Defendants deny the allegations contained in paragraph 44 of the Complaint.

45.    Defendants refer to the motion papers filed, and Orders entered, in that lawsuit, which papers and Orders speak for themselves.

46.    Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48.    Defendants admit the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants object to responding to paragraph 58, on the ground that the allegation calls for the disclosure of privileged communications between Allied and its attorneys.  To the extent a response is required, the allegation should be deemed denied.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint, except that Defendants admit that Paul Ellis Hash, Esq. and Rachel D.

Ziolkowski, Esq. were engaged as counsel for Allied and, in that capacity as counsel, defended Plaintiff's deposition. In addition, Defendants state that Plaintiff was not an officer but rather an employee of Allied.

60.    Defendants object to responding to paragraph 60, on the ground that the allegation calls for the disclosure of privileged communications between Allied and its attorneys. To the extent a response is required, the allegation should be deemed denied.

61.    Defendants object to responding to paragraph 61, on the ground that the allegation calls for the disclosure of privileged communications between Allied and its attorneys. To the extent a response is required, the allegation should be deemed denied.

62.    Defendants object to responding to paragraph 62, on the ground that the allegation calls for the disclosure of privileged communications between Allied and its attorneys. To the extent a response is required, the allegation should be deemed denied.

63.    Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.    Defendants object to responding to paragraph 64, on the ground that the allegation calls for the disclosure of privileged communications between Allied and its attorneys. To the extent a response is required, the allegation should be deemed denied.

65.    Defendants deny the allegations contained in paragraph 65 of the Complaint.

66.    Defendants object to responding to paragraph 66, on the ground that the allegation calls for the disclosure of privileged communications between Allied and its attorneys. To the extent a response is required, the allegation should be deemed denied.

67.    Defendants object to responding to paragraph 67, on the ground that the

allegation calls for the disclosure of privileged communications between Allied and its attorneys. To the extent a response is required, the allegation should be deemed denied.

68.    Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.    Defendants admit the allegation contained in paragraph 69 of the Complaint that the case settled on February 19, 2008.

70.    Defendants admit the allegations contained in paragraph 70 of the Complaint.

71.    Defendants admit the allegation contained in paragraph 71 of the Complaint that Rose told Plaintiff, among other things, "I have lost faith in you."

72.    Defendants admit the allegations contained in paragraph 72 of the Complaint, except to state that the actual settlement figure was $1,885,000.

73.    Defendants admit the allegations contained in paragraph 73 of the Complaint that Rose, as an officer and director of Allied and acting in that executive capacity, made the decision to terminate Plaintiff's employment.

74.    Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.    Defendants deny the allegations contained in paragraph 75 of the Complaint.

**B.    Fraud Relating to Worker's Compensation Claims and Health Insurance Costs**

76.    Defendants admit the allegations contained in paragraph 76 of the Complaint.

77.    Defendants admit the allegations contained in paragraph 77 of the

Complaint.

78.    Defendants deny the allegations contained in paragraph 78 of the Complaint but state that Allied has over 2,000 employees.

79.    Defendants admit the allegations contained in paragraph 79 of the Complaint.

80.    Defendants admit the allegations contained in paragraph 80 of the Complaint.

81.    Defendants deny the allegations of paragraph 81, and refer to the varying provisions of the individual contracts between Allied and the various contracting entities at each of the airports at which Allied provides services.  Defendants further state that Allied does not have over 2500 employees.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint, except they admit that Plaintiff was generally responsible for employee benefits.

83.    Defendants admit the allegations contained in paragraph 83 of the Complaint.

84.    Defendants admit the allegations contained in paragraph 84 of the Complaint and state that Hilb, Rogal & Hobbs is an agent of the underlying insurance carrier.

85.    Defendants Deny the allegations contained in paragraph 85 of the Complaint.

86.    Defendants deny the allegations contained in paragraph 86, except they admit that Kiouses was the insurance broker who contracted, arranged and oversaw the

account.

87.    Defendants deny the allegations contained in paragraph 87 of the Complaint.

88.    Defendants deny the allegations contained in paragraph 88 of the Complaint, except to state that there was a meeting regarding health insurance on or about October 12, 2006.

89.    Defendants deny the allegations contained in paragraph 89 of the Complaint.

90.    Defendants deny the allegations contained in paragraph 90 of the Complaint.

91.    Defendants deny the allegations contained in paragraph 91 of the Complaint.

92.    Defendants deny the allegations contained in paragraph 92 of the Complaint.

93.    Defendants deny the allegations contained in paragraph 93 of the Complaint.

94.    Defendants deny the allegations contained in paragraph 94 of the Complaint.

95.    Defendants deny the allegations contained in paragraph 95 of the Complaint.

96.    Defendants deny the allegations contained in paragraph 96 of the Complaint.

97.    Defendants deny the allegations contained in paragraph 97 of the

Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of the
Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of the
Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of the
Complaint, except they admit that Allied prepared and issued an accurate summary plan
description in connection with its health insurance program.  Defendants make no
response to the conclusions of law set forth in paragraph 100.

101.    Defendants deny the allegations contained in paragraph 101 of the
Complaint.

102.    Defendants deny the allegations contained in paragraph 102 of the
Complaint.

103.    Defendants deny the allegations contained in paragraph 103 of the
Complaint.

104.    Defendants deny the allegations contained in paragraph 104 of the
Complaint.

105.    Defendants deny the allegations contained in paragraph 105 of the
Complaint.

106.    Defendants deny the allegations contained in paragraph 106 of the
Complaint but state that Kiouses was the insurance broker covering the workers'
compensation insurance program and further state that Kiouses is now Vice President of
Labor Relations & Insurance of Allied.

107.    Defendants deny the allegations contained in paragraph 107 of the Complaint.

108.    Defendants deny the allegations contained in paragraph 108 of the Complaint.

109.    Defendants deny the allegations contained in paragraph 109 of the Complaint.

110.    Defendants deny the allegations contained in paragraph 110 of the Complaint.

111.    Defendants deny the allegations contained in paragraph 111 of the Complaint.

112.    Defendants deny the allegations contained in paragraph 112 of the Complaint.

113.    Defendants deny the allegations of paragraph 113, except they are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 113 as to whether Plaintiff voiced concerns and objections.

114.    Defendants deny the allegations contained in paragraph 114 of the Complaint.

115.    Defendants admit the allegations contained in paragraph 115 of the Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of the Complaint, except they admit Plaintiff occasionally complained about her personal dislike of Allied's insurance program.

117.    Defendants deny the allegations contained in paragraph 117 of the

Complaint, except they admit Plaintiff occasionally complained about her personal dislike of Allied's insurance program.

118.    Defendants deny the allegations contained in paragraph 118 of the Complaint.

119.    Defendants deny the allegations contained in paragraph 119 of the Complaint.

120.    Defendants admit the allegations contained in paragraph 120 of the Complaint.

121.    Defendants admit the allegation of paragraph 121 that Rose told Plaintiff, among other things, "I have lost faith in you.".

122.    Defendants admit the allegation of paragraph 122 that Rose, as an officer and director of Allied and acting in that executive capacity, made the decision to terminate Plaintiff's employment.

123.    Defendants deny the allegations contained in paragraph 123 of the Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of the Complaint.

125.    Defendants deny the allegations contained in paragraph 125 of the Complaint, except they admit Kiouses was hired and given the title Vice President of Labor Relations & Insurance.

126.    Defendants deny the allegations contained in paragraph 126 of the Complaint.

**C.    Defendant Allied Aviation's Express Policy of Anti-Retaliation, and Plaintiff Judith Brandt's Reliance Thereon**

127.     Defendants admit the allegations contained in paragraph 127 of the Complaint that there existed written anti-retaliation policies, and Defendants refer to the language of those policies for their precise terms.

128.     Defendants refer to the language of the policy for its precise terms.

129.     Defendants refer to the language of the Manual for its precise terms.

130.     Defendants refer to the language of the Handbook for its precise terms.

131.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the Complaint.

132.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the Complaint.

133.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the Complaint.

134.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the Complaint.

135.     Defendants deny the allegations contained in paragraph 135 of the Complaint.

136.     Defendants deny the allegations contained in paragraph 136 of the Complaint.

137.     Defendants deny the allegations contained in paragraph 137 of the Complaint.

138.     Defendants deny the allegations contained in paragraph 138 of the Complaint.

139.     Defendants deny the allegations contained in paragraph 139 of the

Complaint, except they are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning what has been said by Plaintiff's husband.

140.    Defendants deny the allegations contained in paragraph 140 of the Complaint, except they are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning what efforts, if any, Plaintiff has made to find new employment.

141.    Defendants deny the allegations contained in paragraph 140 of the Complaint, except they are without knowledge or information sufficient to form a belief as to the truth of the allegation concerning what efforts, if any, Plaintiff has made to find new employment.

142.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the Complaint.

143.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the Complaint.

144.    Defendants deny the allegations contained in paragraph 144 of the Complaint.

## IV.    FIRST CLAIM FOR RELIEF
### (Breach of Implied Contract against Defendant Allied Aviation)

145.    Defendants' answers to paragraphs 1 through 144 are repeated.

146.    Defendants admit the allegations contained in paragraph 146, and refer to the precise language of those policies for their terms.

147.    Defendants admit the allegations contained in paragraph 147 of the Complaint to the extent that Plaintiff was provided with copies of the policies and was expected to be familiar with them.

148.    Defendants make no response to paragraph 148 because it consists entirely of a legal conclusion.

149.    Defendants deny the allegations contained in paragraph 149 of the Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of the Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of the Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of the Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of the Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of the Complaint.

155.    Defendants deny the allegations contained in paragraph 155 of the Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of the Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of the Complaint.

## V.    SECOND CLAIM FOR RELIEF
### (Retaliation in Violation of the New York Executive Law §296, Commonly Known as The NYS Human Rights Law, against Both Defendants)

158.    Defendants' answers to paragraphs 1 through 157 are repeated.

159.    Defendants make no response to paragraph 159 because it consists entirely of a legal conclusion.

160.    Defendants refer to the language of the cited statute.

161.    Defendants make no response to paragraph 161 because it consists entirely of a legal conclusion.

162.    Defendants make no response to paragraph 161 because it consists entirely of a legal conclusion.

163.    Defendants admit the allegations contained in paragraph 163 of the Complaint.

164.    Defendants admit the allegations contained in paragraph 164 of the Complaint.

165.    Defendants deny the allegations contained in paragraph 165 of the Complaint, except they admit Plaintiff had some discussions with Rose concerning the Texas litigation.

166.    Defendants deny the allegations contained in paragraph 166 of the Complaint.

167.    Defendants deny the allegations contained in paragraph 167 of the Complaint.

168.    Defendants deny the allegations contained in paragraph 168 of the Complaint.

169.    Defendants deny the allegations contained in paragraph 169 of the Complaint.

170.    Defendants deny the allegations contained in paragraph 170 of the

Complaint.

171.    Defendants deny that Rose was fully aware of Plaintiff's involvement in the Texas litigation, and admit the remaining allegations contained in paragraph 171 of the Complaint.

172.    Defendants admit the allegations contained in paragraph 172 that Rose, as an officer and director of Allied and acting in that executive capacity, made the decision to terminate Plaintiff's employment.

173.    Defendants deny the allegations contained in paragraph 173 of the Complaint.

## VI.    THIRD CLAIM FOR RELIEF
### (Retaliation in Violation of the New York City Administrative Code § 8-107, Commonly knows [sic] as the NYC Human Rights Law, against Both Defendants)

174.    Defendants' answers to paragraphs 1 through 173 are repeated.

175.    Defendants make no response to paragraph 175 because it consists entirely of a legal conclusion.

176.    Defendants refer to the precise language of the cited code section.

177.    Defendants make no response to the allegations contained in paragraph 177 because it consists entirely of a legal conclusion.

178.    Defendants make no response to the allegations contained in paragraph 178 because it consists entirely of a legal conclusion.

179.    Defendants deny they were fully aware of Plaintiff's involvement with the Texas litigation, but otherwise admit the allegations contained in paragraph 179 of the Complaint.

180.    Defendants admit they were aware that Plaintiff was scheduled to give a

deposition in the Texas litigation.

181.    Defendants deny the allegations contained in paragraph 181 of the Complaint, except they admit Plaintiff had some discussions with Rose concerning the Texas litigation.

182.    Defendants deny the allegations contained in paragraph 182 of the Complaint.

183.    Defendants deny the allegations contained in paragraph 183 of the Complaint.

184.    Defendants deny the allegations contained in paragraph 184 of the Complaint.

185.    Defendants admit the allegations contained in paragraph 185 of the Complaint, but aver that the termination of Plaintiff's employment was lawful and not retaliatory.

186.    Defendants deny the allegations contained in paragraph 186 of the Complaint.

187.    Defendants deny the allegations contained in paragraph 187 of the Complaint.

188.    Defendants deny that Rose was fully aware of Plaintiff's involvement in the Texas litigation, but otherwise admit the allegations contained in paragraph 188 of the Complaint.

189.    Defendants admit the allegations contained in paragraph 189 of the Complaint that Rose, as an officer and director of Allied, and acting in that executive capacity, made the decision to terminate Plaintiff's employment.

190.    Defendants deny the allegations contained in paragraph 190 of the

Complaint.

## VII.    FOURTH CLAIM FOR RELIEF
### (Civil RICO – Violation of 18 U.S.C. § 1962, against Both Defendants)

191 - 211.    No response is required because Plaintiff has stipulated to the

dismissal of this Fourth Claim for Relief.

## VIII.    FIFTH CLAIM FOR RELIEF
### (42 U.S.C. § 1981 against Defendant Allied Aviation)

212.    Defendants' answers to paragraphs 1 through 211 are repeated.

213.    Defendants deny the allegations contained in paragraph 213 of the

Complaint.

214.    Defendants deny the allegations contained in paragraph 214 of the

Complaint.

214 [sic].    Defendants deny the allegations contained in paragraph 214 of the

Complaint.

215.    Defendants deny the allegations contained in paragraph 215 of the

Complaint.

216.    Defendants deny the allegations contained in paragraph 216 of the

Complaint.

217.    Defendants deny the allegations contained in paragraph 217 of the

Complaint.

218.    Defendants deny the allegations contained in paragraph 218 of the

Complaint, except they admit they were aware that Plaintiff was involved in the Texas

litigation.

219.    Defendants admit the allegations contained in paragraph 219 of the Complaint.

220.    Defendants deny the allegations contained in paragraph 220 of the Complaint.

221.    Defendants deny the allegations contained in paragraph 221 of the Complaint.

222.    Defendants deny the allegations contained in paragraph 222 of the Complaint.

221 [sic].    Defendants deny the allegations contained in paragraph 221 of the Complaint.

WHEREFORE, Defendants demand judgment against Plaintiff dismissing the Complaint in its entirety.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff's alleged damages were caused by her own actions or failure to act.

### THIRD SEPARATE DEFENSE

The alleged damages sustained by Plaintiff were not proximately caused by any acts or omissions of Defendants and, therefore, Plaintiff is precluded from recovery.

### FOURTH SEPARATE DEFENSE

Any actions by Defendants were taken in good faith, with justification, for legitimate, non-discriminatory and non-retaliatory business reasons, and in the reasonable

exercise of business judgment.

## FIFTH SEPARATE DEFENSE

Plaintiff is not entitled to an award of punitive damages, costs, interest, or attorneys' fees.

## SIXTH SEPARATE DEFENSE

At all times relevant hereto, Defendants complied with all applicable laws, regulations and standards.

## SEVENTH SEPARATE DEFENSE

Any recovery on Plaintiff's Complaint or any purported cause of action alleged therein is barred because Defendants' conduct was justified under federal and state law and was for legitimate, non-discriminatory and non-retaliatory business reasons.

## EIGHTH SEPARATE DEFENSE

Any and all conduct of which Plaintiff complains and which is attributed to Defendants, or their agents or employees, was a just and proper exercise of management's discretion on the part of Defendants, or their agents or employees, and was undertaken for a fair and honest reason and regulated by good faith and was neither malicious nor unreasonable.

## NINTH SEPARATE DEFENSE

Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

## **TENTH SEPARATE DEFENSE**

Plaintiff has failed to mitigate her damages, if any.

SAIBER LLC
Attorneys for Defendants


By:  *s/ Sean R. Kelly*
    Sean R. Kelly (SK-0307)
    One Gateway Center, 13th Floor
    Newark, New Jersey 07102-5311
    (973) 622-3333
    srk@saiber.com

Dated:  August 25, 2008